**Louis J. KOMINCZAK, Appellant,**

v.

**Dorothy J. KOMINCZAK, Appellee.**

No. 15839.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Dec. 2, 1971.

Vickery & McConnell, Don Stocking, Houston, for appellant.

Kiibler & Kiibler, Dick H. Gregg, Jr., La Porte, for appellee.

COLEMAN, Justice.

This is an appeal from an order denying a motion to reduce the child support payments previously ordered in a divorce action. The only question to be determined is whether the trial court's action constitutes an abuse of his judicial discretion.

At the time of the divorce appellant had steady employment at a salary of $700.00

per month. Within a few weeks after the divorce he lost this job. The only job he was able to secure was as a dump truck driver. He is paid $2.35 per hour. He works a forty hour week with little overtime. He is unable to work during bad weather. Thus his maximum pay is $520.00 per month plus overtime. His take home pay at his previous employment was about $550.00 per month. His take home pay for the last month in his present employment was $466.00 per month. The divorce judgment orders him to pay $250.00 per month as child support.

The 15% reduction in an already modest income presented the trial court with an almost insolvable problem, but one frequently encountered in divorce litigation. The evidence showed that the child's expenses amounted to $374.00 per month. The child had been under a doctor's care for some time and required medication in an unspecified amount for an unspecified illness or condition. Her mother was afflicted with narcolepsy and ·was unable to work. She had no permanent income. The evidence showed that the father's expenses amounted to $589.00 per month. These expenses were itemized and the trial court may well have determined that the total could be reduced. The child's expenses were not itemized, and obviously the court would be unable to determine whether the entire amount was reasonably necessary for the child's welfare.

There is evidence that Mr. Kominczak expected to marry a woman, who has a child, and that he was sharing living expenses with them. This child receives $175.00 each month from her father in support payments, and her mother has earned about $130.00 each month by baby sitting.

Obviously the income received by this mother and her child will not improve Mr. Kominczak's economic position. Assuming that the planned marriage occurs and that the parties' income is pooled, each member of the new family unit would have after the child support payment a net income of $173.00 per month, whereas Mr. Kominczak as a single man would have a net income after paying child support of $216.00 per month.

The trial court has the continuing power and authority to alter and change judgments requiring payments for child support "as the facts and circumstances and justice may require." Art. 4639a, Vernon's Ann. Tex.Rev.Civ.St.

"In determining the duty of the husband to supply necessaries to his children, before or after divorce, it is to be borne in mind that his duty corresponds to his financial ability, having due regard to all his lawful obligations, which may include those assumed to another wife and to other children, and in no event is he liable for food, clothing, attention, or education other than such as is suitable to his and their circumstances in life. . ." Gully v. Gully, 111 Tex. 233, 231 S.W. 97 (1921).

■ The testimony here shows rather clearly that Mr. Kominczak simply does not earn enough money to properly provide for his child and to support himself. His support payments must be made to correspond to his financial ability. While in cases such as this where hardship is inevitable, the trial court may well determine that the brunt of the sacrifice must fall on the father, still he must be permitted to retain enough of his earnings to pay the necessary expense of living and earning a living. Any other order would be self-defeating and unenforceable. Ex Parte Gonzales, 414 S.W.2d 656 (Tex.1967).

■ The trial court abused its discretion in refusing to reduce the payments required for child support. The record is not fully developed with regard to the needs of the child, particularly in respect to future medical expense. In the interest of justice the cause will be remanded.

Reversed and remanded.