**428**

**Garry Marcus GUNTER, Appellant,**

v.

**Theresa GUNTER, Appellee.**

No. 4872.

Court of Civil Appeals of Texas,
Eastland.

March 18, 1976.

John D. Crawford, Dallas, for appellant.

Lawrence Bergman, Bergman & Crowl, Kenneth Fuller, Garland, for appellee.

McCLOUD, Chief Justice.

Petitioner, Theresa Gunter, was granted a divorce from respondent, Garry Marcus Gunter, and named Managing Conservator of the three minor children of the marriage. The community property was divided and respondent was ordered to pay $60 per week child support. Respondent, Garry Marcus Gunter, has appealed the child support award.

No findings of facts or conclusions of law were filed, although properly requested by respondent. Rules 296, 297, Texas Rules of Civil Procedure; *Wagner v. Riske,* 142 Tex. 337, 178 S.W.2d 117 (1944).

Respondent contends the trial court abused its discretion in setting child support payments at $60 per week. We agree.

The statement of facts reflects that respondent is presently employed and his net income is $87 per week. Respondent's 1974 income tax return shows that his net income was approximately $98 per week during 1974.

The court in *Kominczak v. Kominczak,* 474 S.W.2d 749 (Tex.Civ.App.—Houston, 1st Dist. 1971, no writ), said:

"The testimony here shows rather clearly that Mr. Kominczak simply does not earn enough money to properly provide for his child and to support himself. His support payments must be made to correspond to his financial ability. While in cases such as this where hardship is inevitable, the trial court may well determine that the brunt of the sacrifice must fall on the father, still he must be permitted to retain enough of his earnings to pay the necessary expense of living and earning a living. Any other order would be self-defeating and unenforceable. *Ex Parte Gonzales,* 414 S.W.2d 656 (Tex.1967)."

In view of the respondent's present earnings and earning capacity, we hold that the court abused its discretion in setting the child support payments at $60 per week.

That portion of the judgment ordering respondent to make child support payments of $60 per week is reversed and remanded. In all other respects the judgment is affirmed.

Affirmed in part and reversed and remanded in part.