Ray CONSTANCE, Petitioner,

v.

Grace Carol CONSTANCE, Respondent.

No. B–6141.

Supreme Court of Texas.

Dec. 15, 1976.

Rehearing Denied Jan. 12, 1977.

Bartram, Reagan & Burrus, Charles E. Blackley, New Braunfels, for petitioner.

Dickson & Associates, William Dickson, Houston, for respondent.

STEAKLEY, Justice.

This is an action by Grace Carol Constance, Respondent, against her former husband, Ray Constance, Petitioner, for partition of military retirement benefits received by him subsequent to their decree of divorce. The trial court ruled that the divorce decree adjudicated ownership of the benefits in the husband and sustained his plea of res judicata. The Court of Civil Appeals ruled otherwise and reversed the judgment of the trial court and remanded the cause. 537 S.W.2d 488.

The parties were married in September 1952 and were divorced on April 6, 1967. There were three sons born of the marriage who were between the ages of five and thirteen at the time of the divorce. The husband completed 20 years of service in the United States Army and became eligible for retirement in February 1965. He retired on May 1, 1967, approximately a month subsequent to the divorce. This suit was instituted by the wife in 1973.

The question to be decided is whether the decreed division of the property in the April 6, 1967 divorce judgment adjudicated ownership of the retirement benefits to be received by the husband after retirement. The wife agrees that if the benefits were awarded to her husband, the plea of res judicata was properly sustained by the trial court in this proceeding.

The controlling provisions of the divorce decree are as follows:

> And it further appearing to the Court that there were three children born as issue of said marriage, to-wit: Ray Constance, Jr., a male child, born September 27, 1962; Charles Edward Constance, a male child, born March 3, 1954; and Robert Louis Constance, a male child, born June 3, 1960, and it further appearing to the Court that the best interest of said minor children will be served if the three minor children are awarded to Plaintiff. *It is therefore ORDERED, ADJUDGED and DECREED by the Court that the care, custody and control of said minor children*, Ray Constance, Jr., Charles Edward Constance, and Robert Louis Constance, *be and are hereby awarded to Plaintiff* and that Defendant shall be afforded reasonable rights of visitation. *And* it further appearing to the Court that the Defendant is being retired as a Sergeant from the U.S. Army on a 20 year retirement plan and will receive approximately $220.00 per month as retired pay at this time, and that plaintiff has spent approximately fifteen years of the twenty years upon which the retirement is based as his wife, *and inasmuch as no award is being made to Plaintiff for any portion of the retired pay, the Court finds that the sum of $200.00 per month for child support is reasonable* and it is accordingly ORDERED by the Court that the Defendant contribute the sum of $200.00 per month toward the support and maintenance of said minor children and that the first payment in the sum of $200.00 shall be due and payable on the first day of May, 1967, and a like payment shall be due and payable on the first day of each and every succeeding

month thereafter until the youngest child shall attain the age of eighteen years, or until further ordered by the Court. (Italics are added for emphasis).

A division of other properties of the parties was decreed in accordance with their agreed property settlement which the court found to be fair, just and equitable. The settlement agreement did not contain any reference to the retirement benefits.

It was the view of the Court of Civil Appeals that the provisions of the divorce decree pertaining to the retirement benefits, quoted above, "constitute nothing more than an opinion or finding of the court and makes no adjudication," and that the benefits were thereafter held jointly by the parties as tenants in common. We disagree.

■ Judgments, like other written instruments, are to be construed as a whole toward the end of harmonizing and giving effect to all the court has written. *Rodgers v. Williamson*, 489 S.W.2d 558 (Tex.1973); *Lone Star Cement Corp. v. Fair*, 467 S.W.2d 402 (Tex.1971); *Larrison v. Walker*, 149 S.W.2d 172 (Tex.Civ.App.1941, writ ref'd). Conclusive effect is not to be given the use or not at a particular point in the judgment of the commonly employed decretal words, and what the court has adjudicated is to be determined from a fair reading of all the provisions of the judgment.

■ It is clear on the face of the decree in question that the award of $200 per month for child support rested upon the decision of the trial court to award the retirement benefits to the husband. Moreover, it is reasonable to conclude that the trial court and the parties recognized that the ownership of this property had been decreed; otherwise, the retirement benefits would have been included in the agreed property settlement and in the decreed division of the properties based thereon. The inclusion of the retirement benefits in the express terms of the divorce decree renders inapposite *Busby v. Busby*, 457 S.W.2d 551 (Tex.1970), and like cases, where the judgments were silent with respect to the property in question, and where, in this circum-

stance, the husband and wife became tenants in common with the omitted property subject to later partition.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.