Gregory Scott ESCUE, Appellant,

v.

Laurie REED f/k/a Laurie Escue, Appellee.

No. 08–89–00284–CV.

Court of Appeals of Texas, El Paso.

April 18, 1990.

Kenneth T. Ward, Houston, for appellant.

J.K. "Rusty" Wall, Midland, for appellee.

Before OSBORN, C.J., and FULLER and KOEHLER, JJ.

## OPINION

KOEHLER, Justice.

This is an appeal from an order increasing child support following the hearing on a motion to modify in a suit affecting the parent-child relationship. We reverse and remand.

Appellant Gregory Scott Escue ("Escue") and Appellee Laurie Reed ("Reed") were divorced in the State of California in 1979. There was one child of the marriage, Kimberly Escue, born on February 16, 1975. By terms of the final decree, Reed was named the primary custodian of the child and Escue was given visitation rights and ordered to pay child support of $200.00 per month. Thereafter, Escue remarried and adopted his new wife's son, Kevin Escue. This second marriage ended in divorce rendered in August 1988, as a result of which Escue was ordered to pay $1,200.00 per month for the support of Kevin, who at the time of the trial on this motion was fourteen years of age. During the years of 1982 through 1986, Escue under-reported his income to the total extent of approximately $320,000.00, resulting in an assessment for back taxes, penalty and interest of approximately $161,000.00. As a result of negotiations with the Internal Revenue Service, Escue became obligated to pay $3,127.00 per month. Escue presently operates two entities that sell books to libraries, one a corporation, Lektro, Inc., and the other a proprietorship, Greg Escue & Associates.

On October 12, 1988, Reed filed the motion to modify in this case, alleging that the circumstances of Kimberly had materially

and substantially changed since the decree of 1979 and requesting that the child support be increased to the amount indicated by the Child Support Guidelines ("Guidelines") adopted by order of the Supreme Court of Texas, effective February 4, 1987 or $1,200.00 per month. In a non-jury trial, Escue testified that shortly before the commencement of the hearing, he had lost his single largest customer, causing a forty-five percent decrease in his total business and an $11,000.00 drop in his monthly revenues. He also testified that his personal monthly expenses were $6,805.00, which included the $3,127.00 payment to the IRS and the current total monthly child support of $1,400.00 for the two children. He also testified that he was current on all his debts even though his gross income was stated to be from $5,200.00 to $6,000.00 per month and his accountant testified that Escue's take-home pay was $3,329.00. Reed testified, offering an exhibit in support thereof, that the current monthly expenses attributable to Kimberly were $669.83. However, the court, after deducting some of the claimed expenses, found the needs of the child to be approximately $500.00. At the conclusion of the trial, the court ordered that child support be increased to $800.00 per month. In response to a request under Rule 7 of the Guidelines, the trial court found, inter alia, that the amount of Escue's net resources per month was $4,150.92, that the amount of Reed's net resources per month was $1,087.81, that the percentage applied under Rule 5 of the Guidelines was nineteen percent to twenty-three percent, and that the amount of support per month computed under Rule 5 was $788.67 to $954.71.

Escue brings six points of error, challenging certain of the court's findings and its order on both legal and factual sufficiency grounds under Points of Error Nos. One through Four, and in Points of Error Nos. Five and Six, finding fault with the failure of the court to deduct $1,200.00 child support paid for the second child and $3,127.00 paid to the Internal Revenue Service from Escue's income in calculating the monthly "net resources" available for child support percentage purposes.

■ Under his first two points, Escue avers that there is either no evidence that he has sufficient net resources to pay $800.00 per month child support and that he has monthly net resources of $4,150.92, or the findings to that effect are against the great weight and preponderance of the evidence, or that the finding and order constituted an abuse of discretion. When reviewing a "no evidence" challenge, an appellate court must only consider the evidence and reasonable inferences drawn therefrom, which when viewed in the most favorable light, support the questioned finding, disregarding all evidence and inferences to the contrary. *Stafford v. Stafford*, 726 S.W.2d 14, 16 (Tex.1987); *Alm v. Aluminum Company of America*, 717 S.W.2d 588, 593 (Tex.1986). If there is more than a scintilla of evidence to support the finding, the no evidence challenge fails. *Stafford*, 726 S.W.2d at 16.

■ When presented with a factual sufficiency point, the court must review all of the evidence and, having done so, may then set aside a finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986).

■ A review of the record discloses much more than a scintilla of evidence in support of the finding and order. Not only did Escue testify that he had a gross monthly income of between $5,200.00 and $6,000.00, but his accountant, Scott Mitchell, testified that Escue would receive a before payroll taxes gross salary of $51,500.00 from the corporation in 1989. The evidence also showed that he would receive monthly $1,493.00 from his proprietorship. Escue's position is not helped by his motion for new trial to which is attached an affidavit by Mitchell, given to clarify his testimony, in which he states that Escue's income "totals to the sum of five thousand two hundred thirty three dollars ($5,233.00), which represents the available net resources pursuant to the Child Support Guidelines." Without resort to that affidavit, we conclude that there is sufficient evidence to support the finding of Escue's

monthly net resources. Points of Error Nos. One and Two are overruled.

We will next consider the third, fourth and fifth points of error. In his third and fourth points, Escue complains that there is no evidence or insufficient evidence to support the findings of the court that the correct percentage under the Rule 5 Guidelines was nineteen percent to twenty-three percent, the range for one child, and that the range of child support after applying those percentages to Escue's net resources was $788.67 to $954.71, when the undisputed evidence was that Escue had two children whom he was obligated to support. In Point of Error No. Five, Escue claims the failure of the court to consider the $1,200.00 monthly child support paid for the other child as a deduction in computing the "net resources," was error. In all three points of error, he urges that the failure of the court to consider the support being paid to the second child constituted an abuse of discretion. An abuse of discretion point of error challenges the trial court's holding on a question of law. *Robinson v. Wampler,* 202 S.W.2d 500, 503 (Tex.Civ.App.—Amarillo 1947, no writ). The reviewing court must examine the evidence in the light most favorable to the action of the trial court, indulging every legal presumption in favor of that action; *Parks v. U.S. Home Corporation,* 652 S.W.2d 479, 485 (Tex.App.—Houston [1st Dist.] 1983, writ dism'd), i.e., whether the lower court acted *without reference to any* guiding rules or principles. *Morrow v. H.E.B., Inc.,* 714 S.W.2d 297, 298 (Tex. 1986). If reasonable minds could differ as to the result, the decision would not be unreasonable or arbitrary and therefore not an abuse of discretion. *Navistar International Corporation v. Valles,* 740 S.W.2d 4, 6 (Tex.App.—El Paso 1987, no writ).

Escue does not challenge the findings of the trial court that the circumstances of Kimberly and her parents have materially and substantially changed since the entry of the divorce decree nor does he take issue with the finding that a modification of child support is in the child's best interest. His complaint is to the effect that the court after recognizing that there were two children to support, arbitrarily chose the Guidelines percentage range that applied to one child and gave only passive recognition that Escue was required to pay $1,200.00 for the other child. The range for two children under the Guidelines then in effect was twenty-four percent to twenty-eight percent of the obligor's net resources.[1]

Following the close of the evidence, the trial judge appeared to be on the right track when in connection with his rulings he observed:

[I]f I were trying to figure out child support based on net resources at 26 per cent for two children, I come up with $1,079.26. That's for two children. Secondly, I know the judge that preceded me in this court used to divide by two in figuring out what that figure would be. I'm not sure I agree with that analysis. It doesn't necessarily cost exactly half to support each child. So you have to figure out how much child support should be paid for one child.

So if I look at the figures anywhere from $871.71 a month at 21 per cent, $1,079.26 at 26 per cent of net resources, and then of course the figure, if you were to take the position that if that is the figure for two children, that for one child you divide it in half, it would give about five hundred and some odd dollars.

The court, after verbalizing the preceding and having previously determined from the evidence that the expense connected with Kimberly was about $500.00 per month, concluded that $800.00 per month was the proper amount and so ordered. It is clear from his observations and from his subsequent finding that the court set the child support based on the Guidelines range for one child.

---

1. Under the present law, passed by the 71st Legislature effective September 1, 1989, the schedule that is to be "presumptively" applied by the trial court is for one child, 20 percent of the net resources and for two children, 25 percent of the net resources. Tex.Fam.Code Ann., sec. 14.055 (Vernon Supp.1990).

It is also abundantly clear that the Guidelines then in effect were intended only as a guide to the courts in setting equitable child support, whether in the divorce action or a subsequent modification. *Anderson v. Anderson,* 767 S.W.2d 163, 166 (Tex.App.—Houston [14th Dist.] 1988, no writ). It was not an abuse of discretion not to follow the Guidelines, but where the court chose to follow the Guidelines and then consciously decided not to consider the fact that Escue had two children by selecting the percentage range that applied to one child, the court abused its discretion. The error was not in using or not using the Guidelines but in failing to consider Escue's obligation to the second child.[2] This was an abuse of discretion. Points of Error Nos. Three, Four and Five insofar as they complain of an abuse of discretion, are sustained.

■ In his sixth point of error, Escue asserts error and abuse of discretion, as well as factual and legal insufficiency of evidence, in the court's failure to deduct the $3,127.00 paid monthly to the Internal Revenue Service from his net income in order to arrive at a correct "net resources" amount. This point raises the question to what extent, if at all, a court must consider a debt arising out of the obligor's intentional underpayment of his tax obligation in past years in determining his net resources. The answer is that the court has a broad discretion in considering that evidence along with all of the other evidence relating to the obligor's income and expenses in setting child support. Absent a clear abuse of discretion, the order will not be disturbed on appeal. *Zetune v. Jafif-Zetune,* 774 S.W.2d 387, 390 (Tex.App.—Dallas 1989, writ denied). Under Rule 3(d) of the Guidelines then in effect, "The court may consider any additional factors that increase or decrease the ability of the obligor to make child support payments," and

under Rule 4, the court in setting the child support, is required to consider all relevant factors. If the court orders the obligor to pay more than he can afford after considering all relevant factors, then an abuse of discretion has occurred. The financial ability or what a parent can afford to pay is not solely dependent on current earnings but extends to all sources that might be available. *Anderson v. Anderson,* 770 S.W.2d 92 (Tex.App.—Dallas 1989, no writ).

■ Here, Escue testified to a gross monthly income of $5,200.00 to $6,000.00 and monthly expenses of $6,805.00, including the $3,127.00 IRS payment and the two current child support payments of $1,200.00 and $200.00 respectively. He also testified that he was current on all his debts and that he had to utilize some of his savings to cover his payments. The nature and extent of Escue's savings was not developed. The court made no finding with respect to whether he was or was not taking into consideration the IRS payment along with all other relevant factors. It appears that he did consider it but did not give it much, if any, effect. The burden was on Escue to show an abuse of discretion. He failed to meet his burden. We do not find an abuse of discretion. The sixth point is overruled.

Judgment of the trial court is reversed and the cause remanded for new trial.

---

**2.** Under the rebuttable presumption mandated in the present Guidelines set out in Section 14.055 of the Family Code, the intention of the Legislature would seem to be that the judge or master is required to start out with the indicated percentage of the net resources for the number of children involved, divide that amount by the number of children, and then make any devia-

tions or adjustments warranted by taking into consideration the evidentiary factors set forth in Section 14.054. Under Section 14.057, on the request of either party, the court is to make a number of findings, including the reasons for setting the support at some amount at variance with the percentage guideline amount.