Gregory Scott ESCUE, Appellant,

v.

Lydia Alicia ESCUE, Appellee.

No. 6–90–071–CV.

Court of Appeals of Texas, Texarkana.

June 4, 1991.

Kenneth T. Ward, Houston, for appellant.

Anthony F. Mercurio, Houston, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

This is an appeal from a child support modification order.

Appellant, Gregory Scott Escue, and appellee, Lydia Alicia Escue, were divorced in 1988. The divorce decree ordered appellant to pay $1,200.00 per month child support for Kevin Sean Escue, appellant's fifteen-

year-old adopted son. Appellant later moved to modify the amount of child support, requesting that it be decreased because his circumstances had materially and substantially changed since the 1988 divorce decree.

At the time of the modification hearing, appellant was under a court order in another case to pay $800.00 per month child support to his first wife for their daughter, Kimberly Escue. The decree dissolving appellant's first marriage had initially ordered him to pay $200.00 per month for Kimberly, but the amount was increased to $800.00 per month by a later modification order. After the order on appeal here was issued, the first order relating to Kimberly was reversed on appeal and the cause was remanded. *See Escue v. Reed,* 790 S.W.2d 717 (Tex.App.—El Paso 1990, no writ).

Appellant is a seller of children's books. He operates through two entities, Lektro, Inc., a corporation, and Greg Escue & Associates, a proprietorship. He testified that after his divorce from appellee, several significant events impaired his earning capacity. First, he lost his single largest customer, causing an expected annual loss of $320,000.00 in sales. Second, Escue underreported his income to the Internal Revenue Service from 1982 through 1987, resulting in an assessment for back taxes, penalties and interest amounting to approximately $212,000.00. To prevent the seizure of his personal and business assets, appellant made an installment agreement with the IRS under which he must pay $1,841.00 per month to liquidate his debt. Additionally, appellant testified that he lost two thirds of his protected sales territory in 1989, resulting in about $39,000.00 in lost sales. He also testified that his taxable income had decreased from $156,000.00 in 1988 to about $75,000.00 in 1989.

Appellee testified that the expenses reasonably attributable to the care and maintenance of Kevin have increased by twenty percent since the date of her divorce from appellant.

At the conclusion of evidence, the trial court granted appellant's motion to modify and entered an order reducing the support to $882.50 per month. In response to a request for written findings, the trial court found that:

(1) the amount of net resources available to appellant per month is $4,412.96;

(2) the amount of net resources available to the appellee per month is $1,079.80;

(3) the amount of child support payments per month that is computed if Section 14.055 of the Family Code is applied is $1,103.24;

(4) the percentage applied to appellant's net resources for child support by the actual order rendered by the court is twenty-five percent.

The trial court gave no reason in its written findings why the court order varied from the statutory child support guidelines. *See* TEX.FAM.CODE ANN. § 14.057(5) (Vernon Supp.1991).

Appellant first contends that the trial court abused its discretion in ordering him to pay child support in an amount that is greatly in excess of the statutory guidelines.

■ A court's child support order will not be disturbed on appeal unless the complaining party shows that the order constituted a clear abuse of the court's discretion. *Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex.1990); *Sohocki v. Sohocki,* 730 S.W.2d 30, 31 (Tex.App.—Corpus Christi 1987, no writ); *Brito v. Brito,* 346 S.W.2d 133 (Tex.Civ.App.—El Paso 1961, writ ref'd n.r.e.). The test is whether the court acted arbitrarily or unreasonably, without reference to any guiding rules and principles. *Simon v. York Crane & Rigging Co.,* 739 S.W.2d 793 (Tex.1987); *Morrow v. H.E.B., Inc.,* 714 S.W.2d 297 (Tex. 1986). The record must clearly show that the trial court disregarded the rights of a party. *Yowell v. Piper Aircraft Corp.,* 703 S.W.2d 630 (Tex.1986).

■ TEX.FAM.CODE ANN. § 14.055(a) (Vernon Supp.1991) creates a rebuttable presumption that an order for periodic child support payments established by the following schedule is reasonable and in the best interest of the child:

| | |
|---|---|
| 1 child | 20% of Obligor's Net Resources |
| 2 children | 25% of Obligor's Net Resources |
| 3 children | 30% of Obligor's Net Resources |
| 4 children | 35% of Obligor's Net Resources |
| 5+ children | Not less than the amount for 4 children |

In situations where the obligor's monthly net resources exceed $4,000.00 per month, the court shall presumptively apply the percentage guidelines to the first $4,000.00, and then without further reference to such guidelines, may order additional amounts of child support as proven, depending on the needs of the child. TEX.FAM.CODE ANN. § 14.055(c) (Vernon Supp.1991). The court shall state the specific reasons why the amount of support varies from the amount computed by applying the percentage guidelines. TEX.FAM.CODE ANN. § 14.057(5).

 In modification of existing child support orders, as here, the trial court's use of the percentage guidelines is discretionary, not mandatory. *See MacCallum v. MacCallum,* 801 S.W.2d 579, 584 (Tex. App.—Corpus Christi 1990, no writ); TEX. FAM.CODE ANN. § 14.056(a) (Vernon Supp. 1991). When the court chooses to use the guidelines, however, it is error not to consider the facts set out therein that bear upon their application. *Escue v. Reed, supra.* The reference to the number of children in the guidelines is to the number of children involved in the particular suit before the court, *not* the obligor's total offspring. *See Lahar v. Lahar,* 803 S.W.2d 468, 469 (Tex.App.—Beaumont 1991, n.w. h.).

 The court found appellant's net resources to be $4,412.96. Appellant argues that the trial court should have calculated twenty-five percent of that amount ($1,103.24), and then divided by two ($551.62). This, he asserts, would take into consideration his obligation to his other child, Kimberly.

It is clear from the findings of fact that the trial court *selected* the percentage range for two children, i.e., twenty-five percent of appellant's net resources. One of appellant's children, however, was not *be-*

*fore the court.* As noted earlier, this suit involves only the support obligation for his second child, Kevin. Consequently, the trial court should have selected the percentage range for *one* child, i.e., twenty percent of the net resources. Even though the trial court *selected* the percentage range for two children, it apparently *applied* the percentage range for one child in arriving at the amount of $882.50 per month child support for Kevin, i.e., $4,412.96 × 20% = $882.59.[1] In calculating the amount, however, the trial court failed to give effect to appellant's obligation to his other child, Kimberly.

The evidence of appellant's obligation to Kimberly is undisputed. The statute, TEX. FAM.CODE ANN. § 14.054 (Vernon Supp. 1991), lists several factors the court *shall* consider in determining the amount of child support. One such factor is "the amount of child support actually and currently being paid or received by either party under another child support order." TEX.FAM. CODE ANN. § 14.054(5). Thus, once an obligor produces evidence that he is paying child support under another child support order, the trial court *shall* consider that obligation in making its final determination. *Lahar v. Lahar, supra.*

Appellant testified that his gross annual income was $75,000.00, or $6,250.00 per month. According to the Family Code guidelines, that income for an employed person with one dependent produces a monthly net income figure of $4,412.96, the exact amount found by the trial court as appellant's net monthly resources and the amount to which it applied the percentage guidelines. It is clear, then, that the court did not give effect to appellant's obligation to his other child in setting the amount of support.

In his other point of error, appellant contends that the trial court abused its discretion in failing to consider his monthly obligation to the Internal Revenue Service in applying the guidelines. In the alternative, he asserts that the evidence supporting

---

1. In a corrected finding the trial court selected the proper percentage for one child, twenty percent.

such action by the trial court is legally and factually insufficient.

The evidence showed that appellant owes the Internal Revenue Service approximately $212,000.00 in back taxes. To prevent the seizure of all his business and personal assets, appellant entered into an installment agreement with the IRS which obligates him to pay $1,841.00 per month. He testified that this tax obligation is paid out of his personal accounts. He also testified that he was not current on his 1989 payroll taxes and that he did not presently have the available funds to pay these delinquent taxes.

■ A trial court has broad discretion in considering evidence of an obligor's debts along with all other relevant factors concerning his income and expenses when setting child support. *Escue v. Reed, supra; Zetune v. Jafif-Zetune,* 774 S.W.2d 387 (Tex.App.—Dallas 1989, writ denied). However, under TEX.FAM.CODE ANN. § 14.054, the court, in applying the guidelines for the support of a child,

> [S]hall consider all relevant factors, including but not limited to:
>
> ....
>
> (11) *special or extraordinary ... expenses* of the parties ...;
>
> ....
>
> (14) *debts or debt service* assumed by either party; and
>
> (15) any other reason or reasons consistent with the best interest of the child, *taking into consideration the circumstances of the parents.*

(Emphasis added.)

■ Taking into consideration appellant's obligations at the time of trial and the trial court's subsequent findings, appellant's monthly resources and obligations break down as follows:

| | |
|---|---|
| Net monthly resources | $ 4,412.96 |
| | |
| Internal Revenue Service | 1,841.00 |
| Child Support–Kevin | 882.50 |
| Child Support–Kimberly | 800.00 |
| | ═══ |
| Net to appellant for all living expenses | $ 889.46 |

Even though a debt-burdened parent may be ordered to pay a reasonable amount of child support, *Anderson v. Anderson,* 770 S.W.2d 92 (Tex.App.—Dallas 1989, no writ), the amount ordered should not be so great as to deny that parent the necessary expenses of living. *Welch v. Welch,* 694 S.W.2d 374 (Tex.App.—Houston [14th Dist.] 1985, no writ); *Gunter v. Gunter,* 538 S.W.2d 428 (Tex.Civ.App.—Eastland 1976, no writ); *Kominczak v. Kominczak,* 474 S.W.2d 749 (Tex.Civ.App.—Houston [1st Dist.] 1971, no writ). The duty of an adoptive father to pay child support must correspond to his financial ability, having due regard to all his lawful obligations. *Bacon v. Kouri,* 696 S.W.2d 599 (Tex.App. —Houston [14th Dist.] 1985, no writ).

■ The statute, TEX.FAM.CODE ANN. § 14.054, mandates that the trial court consider all relevant factors in making its final determination. It is clear from the record that the court did not give effect to the IRS obligation in determining the proper amount of support.

■ We abated this appeal for the trial court to make additional findings and state reasons why it failed to give effect to appellant's obligation to his other child and to the IRS. The court has now made additional findings and has certified them to us. In those findings the court states that, as to the other child, it considered that obligation but did not find that "it would justify a variance from the guidelines." As to the IRS obligation, the court stated it found that such obligation was incurred because appellant voluntarily underreported his income, and for that reason the obligation did not justify a departure from the guidelines.

We can accept the court's treatment of the IRS obligation as being within his discretion, based on all the facts and circumstances in evidence. We cannot accept the court's failure to give any effect to appellant's obligation to his other child as a proper exercise of discretion.

By commanding that the court consider "the amount of child support actually and currently being paid ... under another child support order" the statute means that the court shall give that matter some effect, not that it may simply note and ignore it. As stated by the court in a similar case in Pennsylvania,

> While the trial court did "consider" appellant's expenses in that it listed them, it did not actually use them in arriving at an amount of support. So, in effect, by ignoring them, the court did not really "consider" them, as is mandated by our case law.

*Babish v. Babish*, 361 Pa.Super. 118, 521 A.2d 955 (1987).

We do not hold that the trial court must always deduct obligations such as this on a dollar-for-dollar basis. We simply hold that in a case with facts as this one, the court must give the obligation some effect in reaching a decision on the amount of support, and that a failure to do so is an abuse of discretion.

For the reasons stated, the judgment is reversed and the cause is remanded for a new trial.