COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-165-CV
  
  
  
IN 
THE INTEREST OF R.D., A MINOR CHILD
 
 
  
------------
 
FROM 
THE 367TH DISTRICT COURT OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        This 
is a child support modification case.  Appellant Scott Douglas challenges 
the trial court’s order denying his motion for modification of child support 
and the trial court’s denial of his motion for new trial.  We affirm.
Factual and 
Procedural Background
        Appellant 
and his wife, Appellee, were divorced in Georgia on November 20, 2000.  At 
the time of the divorce, there were four children of the marriage: A.D., R.D., 
S.D., and M.D.  The parties entered into an “Agreement” specifically 
addressing many areas related to their divorce proceedings, including custody 
and child support.  On November 17, 2000, the Georgia trial court signed a 
“Final Judgment and Decree” stating that the parties’ agreement “annexed 
hereto is incorporated by reference into this Decree and is made a part 
hereof.  The parties are each directed to fully comply with the terms of 
said Agreement.”  The parties’ Agreement provided that Appellee would 
have primary possession of the four children, and Appellant was to pay $5,000 
per month in child support.  The Agreement provided for automatic decreases 
in child support upon the occurrence of certain events.[2]  
After the divorce became final, Appellant moved to Texas, and Appellee moved to 
Wisconsin with the children.
        The 
oldest child, A.D., was emancipated at the time of the Texas trial, and 
Appellant, relying on the Agreement, decreased his child support payments from 
$5,000 per month to $4,500 per month.  In July 2003, the parties’ child, 
R.D., moved to Texas to live with Appellant.  On September 15, 2003, the 
Wisconsin court granted Appellant primary custody of R.D., allowing him to 
remain in Texas with Appellant.
        On 
August 1, 2003[3], Appellant filed in the district 
court of Denton County, Texas, a petition to modify the parent-child 
relationship seeking to reduce his child support obligation by bringing payments 
within substantial compliance of the guidelines of the Texas Family Code.[4]  On February 27, 2004, during an evidentiary hearing 
on the motion to modify child support, Appellant moved to exclude any evidence 
or theories that were not properly disclosed by Appellee.  The trial court 
declined to rule on the motion at that time.  On March 4, 2004, the trial 
court denied Appellant’s motion to modify child support.
        The 
trial court entered four findings of fact and one conclusion of law.  The 
trial court found that 1) the parties signed an agreement that was incorporated 
by reference into a Final Judgment and Decree in the state of Georgia; 2) the 
agreement provides that Appellant’s monthly child support obligations shall 
decrease by $500 if a child ceases to live with Appellee; 3) in the summer of 
2003, R.D. ceased to live with Appellee and moved in with Appellant, who, 
relying on the Agreement, began paying $500 less per month in child support; and 
4) both parties have been voluntarily complying with the Agreement.  The 
trial court concluded that the Agreement, which was incorporated by reference 
into the Final Judgment and Decree, is a valid, enforceable agreement.  
Appellant appeals the trial court’s judgment in five issues.
Appellant’s 
Issues on Appeal
        Appellant 
contends that the trial court erred in denying his motion to modify child 
support payments.  Specifically, in issue one, Appellant asserts that the 
trial court abused its discretion in denying his request to modify child 
support. In his second issue, Appellant argues that the trial court erred in 
concluding that the contract between the parties unambiguously controlled the 
court’s decision.  In issue three, Appellant complains that the trial 
court erred when it based its decision on a theory not properly pled or 
disclosed during discovery.  Finally, in issues four and five, Appellant 
argues that the trial court abused its discretion when it denied his motion for 
new trial and that the trial court erred by refusing to consider evidence at the 
hearing on the motion for new trial regarding the intent of the parties at the 
time the Agreement was entered into.
Motion to 
Modify
        We 
review a trial court’s order setting or modifying child support under an abuse 
of discretion standard.  Worford v. Stamper, 801 S.W.2d 108, 109 
(Tex. 1990); In re D.S., 76 S.W.3d 512, 516 (Tex. App.—Houston [14th 
Dist.] 2002, no pet.).  The test is whether the trial court acted 
arbitrarily, unreasonably, or without reference to guiding rules and 
principles.  Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 
241-42 (Tex. 1985), cert. denied, 476 U.S. 1159 (1986).  In making 
this determination, we must view the evidence in the light most favorable to the 
trial court’s actions and indulge every legal presumption in favor of the 
order.  Holley v. Holley, 864 S.W.2d 703, 706 (Tex. App.—Houston 
[1st Dist.] 1993, writ denied).  We cannot substitute our judgment for that 
of the trial court, even though we may have ruled otherwise.  In re 
Z.B.P., 109 S.W.3d 772, 783 (Tex. App.—Fort Worth 2003, no pet.).
        The 
Texas Family Code provides that a trial court may modify a child support order 
if the movant shows that his circumstances have materially and substantially 
changed since the date of the support order’s rendition. Tex. Fam. Code Ann. § 156.401 
(a)(1)-(2) (Vernon Supp. 2004-05); Hammond v. Hammond, 898 S.W.2d 406, 
407-08 (Tex. App.—Fort Worth 1995, no writ).  A child support order not 
in compliance with guidelines[5] does not in and of 
itself establish a material and substantial change in circumstances warranting 
modification.  See Lindsey v. Lindsey, 965 S.W.2d 589, 593 (Tex. 
App.—El Paso 1998, no pet.).  The family code provides that a trial court 
“may consider the child support guidelines . . . to determine whether 
there has been a material or substantial change of circumstances . . . that 
warrants a modification of an existing child support order. . . .”  Tex. Fam. Code Ann. § 156.402(a) 
(Vernon 2002) (emphasis added).  Thus, in determining whether to modify 
existing child support orders, the trial court’s use of percentage guidelines 
under the child support guidelines is discretionary, not mandatory.  See 
Escue v. Escue, 810 S.W.2d 845, 848 (Tex. App.—Texarkana 1991, no 
writ).  Additionally, “[a] court may consider other relevant evidence in 
addition to the factors listed in the guidelines.”  Tex. Fam. Code Ann. 156.402(b).  In 
sum, the trial court retains broad discretion in making the equitable decision 
of whether to modify a prior child support order.  See Hoffman v. 
Hoffman, 805 S.W.2d 848, 851 (Tex. App.—Corpus Christi 1991, writ denied).
        Although 
Appellant argues that the child support payments do not meet the statutory 
guidelines of the Texas Family Code and that there has been a material and 
substantial change to warrant modification, his claim fails for two 
reasons.  First, Appellant’s claim relies in large part upon the mistaken 
assumption that the court, in a modification proceeding, may only order child 
support obligations in strict conformity with the child support guidelines, or 
that a material and substantial change mandates a modification of child support 
payments.  On review, we allow the trial court broad discretion in setting 
child support payments and in modifying those payments.  In re D.S. 76 
S.W.3d 512, 520 (Tex. App.—Houston [14th Dist.] 2002, no pet.).  The 
trial court’s adherence to the guidelines is only discretionary.  Escue, 
810 S.W.2d at 848; see Tex. Fam. 
Code Ann. § 156.402(a);  Furthermore, a trial court’s 
determination as to whether a material change of circumstances has occurred is 
not guided by rigid rules and is fact-specific.  In re Z.B.P., 109 
S.W.3d at 779.
        Appellant 
argues that because R.D. no longer lives with Appellee, she is no longer 
furnishing the degree of services to him that she did at the time of the 
divorce; Appellant, on the other hand, is furnishing more services than he did 
at the time of the divorce.  Appellant contends that this, in and of 
itself, constitutes a material and substantial change requiring modification of 
child support payments.  During the modification hearing, Appellant cited In 
re Z.B.P. as standing for the proposition that a change in possession would 
constitute a material and substantial change in circumstances warranting 
modification of child support payments.  See 109 S.W.3d at 
781-82.  The trial court clearly distinguished the facts of Z.B.P. 
from the facts of this case by stating that normally that type of situation 
would amount to a material and substantial change if the agreed order, such as 
exists in this case, had not already provided for those circumstances.  
Here, the trial court determined at the hearing that the language in the 
Agreement was unambiguous and covered the situation in this case.  
Specifically, the trial court determined that the language contained in the 
Agreement applied to these circumstances because R.D. had ceased to live with 
Appellee in the summer of 2003 and because Appellant, relying on the Agreement, 
began paying $500 less per month in child support.  The following is the 
language in the Agreement that the trial court referred to in making this 
determination: “At such time as any of the remaining three children of the 
parties arrive at the age of eighteen, marry, enter the Armed Services, become 
self-supporting, cease to live with the wife, or die, whichever event 
shall first occur, the sum payable as child support shall reduce to $4,000 per 
month.”  [Emphasis added].
        Although 
in his reply brief, Appellant argues that contract law does not apply, he 
contends that the trial court should have considered the intent and 
understanding of the parties when they entered into this Agreement.  When 
an agreement is incorporated into a divorce decree, the decree is a consent 
judgment.  Shanks v. Treadway, 110 S.W.3d 444, 447 (Tex. 2003); Rivera 
v. Office of Att’y Gen., 960 S.W.2d 280, 283 (Tex. App.—Houston [1st 
Dist.] 1997, no pet.).  The Shanks case specifically addressed 
interpreting a divorce decree in the following excerpt:
   
Notwithstanding the state of the law at the time the divorce decree was entered, 
this case does not involve a direct appeal, and we must interpret the decree to 
determine not what the trial court should have done but, if possible, what the 
court actually did.  When interpreting a divorce decree, courts apply the 
general rules regarding construction of judgments.  Wilde v. Murchie, 
949 S.W.2d 331, 332 (Tex. 1997) (per curiam) (citing Constance v. Constance, 
544 S.W.2d 659, 660 (Tex. 1976)).  Judgments should be construed as a whole 
to harmonize and give effect to the entire decree.  Constance, 544 
S.W.2d at 660.  “[I]f the decree, when read as a whole, is unambiguous as 
to the property’s disposition, the court must effectuate the order in light of 
the literal language used.”  Wilde, 949 S.W.2d at 332; see also, 
Baxter v. Ruddle 794 S.W.2d 761, 763 (Tex. 1990).  If the decree is 
ambiguous, the court should review the record along with the decree to aid in 
interpreting the judgment.  Wilde, 949 S.W.2d at 332. In addition, 
if a judgment is ambiguous--that is, subject to more than one reasonable 
interpretation--courts should adopt the construction that correctly applies the 
law.  MacGregor v. Rich, 941 S.W.2d 74, 75 (Tex. 1997) (per curiam).  
As with other written instruments, whether a divorce decree is ambiguous is a 
question of law.  Coker v. Coker, 650 S.W.2d 391, 394 (Tex. 1983).
  
  
Once 
the court approves the agreement and makes it a part of the decree, the 
agreement is no longer merely a contract between private individuals but is the 
judgment of the court.  Ex Parte Gorena, 595 S.W.2d 841, 844 (Tex. 
1979); Rivera, 960 S.W.2d at 283.  Texas law applicable at the time 
the Agreement was entered into and at the time this suit was filed provided 
that, a child support agreement was not enforceable as a contract unless the 
parties agreed otherwise.[6]  Furthermore, the 
law provided that terms of an agreement that were incorporated into a decree may 
be enforced “by all remedies available for enforcement of a judgment, 
including contempt, but are not enforceable as contract terms unless provided by 
the agreement.”[7]  In this case, neither the 
divorce decree nor the Agreement provided that the terms were enforceable as 
contract terms; therefore, contractual remedies are not available.  In 
other words, the agreement in this case was not merely a contract, it became a 
court judgment once it was incorporated into the decree.  See Gorena, 
595 S.W.2d at 844.  Therefore, Appellant’s argument that the trial court 
erred by failing to allow extrinsic evidence to explain the intent and 
understanding of the parties when they entered into the Agreement is overruled 
because the rules of contract construction are not applicable in this case.
        Thus, 
the trial court had discretion regarding whether to modify the child support 
payments.  See Leonard v. Lane, 821 S.W.2d 275, 277 (Tex. 
App.—Houston [1st Dist.] 1991, writ denied); Hoffman, 805 S.W.2d at 
851.  The trial court correctly determined that the parties’ Agreement, 
which was incorporated into the Georgia decree, was unambiguous and pertained to 
the fact situation presented by Appellant.  Accordingly, we hold that the 
trial court did not abuse its discretion by denying Appellant’s motion to 
modify child support.  We overrule Appellant’s first and second issues.
Unpled Theory
        In 
his third issue, Appellant complains that Appellee had to plead and prove her 
theory that the judgment already contemplated and addressed the factual 
situation before the trial court.  Appellee contends that her general 
denial sufficiently put in issue all matters contained within Appellant’s 
pleadings that were not required to be denied under oath.  See Tex. R. Civ. P. 92; Williamson v. New 
Times, Inc., 980 S.W.2d 706, 712 (Tex. App.—Fort Worth 1998, no 
pet.).  Appellant’s pleadings disclosed his contention that there was a 
material and substantial change that was sufficient to modify the current 
support obligations.  Therefore, Appellee’s general denial included a 
denial that Appellant was entitled to a modification of the Agreement and a 
denial that there was a material and substantial change.  Appellee argues 
that her general denial put all matters in issue that Appellant raised in his 
pleadings—namely, that he was entitled to a reduction in child support 
contained in the Agreement.  We agree with Appellee.  See 
Williamson, 980 S.W.2d at 712.
        At 
trial, Appellee contended that the parties’ Agreement already contemplated 
this situation, and the trial court agreed.  Accordingly, the trial court 
did not abuse its discretion when it held that the Georgia decree was 
unambiguous and contemplated this situation.  We overrule Appellant’s 
third issue.
Motion for New 
Trial
        In 
Appellant’s fourth and fifth issues, he complains that the Texas trial court 
erred by not considering the parties’ intent at the time the Georgia decree 
was entered.  Trial courts have broad discretion in ruling on motions for 
new trial. Limestone Const., Inc. v. Summit Com. Indus. Props., Inc., 143 
S.W.3d 538, 542 (Tex. App.—Austin 2004, no pet.).  We review the denial 
of a motion for new trial for an abuse of discretion. Cliff v. Huggins, 
724 S.W.2d 778, 778-79 (Tex. 1987); Smith v. Holmes, 53 S.W.3d 815, 817 
(Tex. App.—Austin 2001, no pet.).  When reviewing the trial court’s 
denial of a new trial, every reasonable presumption will be made in favor of the 
court’s ruling.  Texas & N.O.R. Co. v. Scarborough, 101 Tex. 
436, 108 S.W. 804, 806 (1908); Ferguson v. Globe-Texas Co., 35 S.W.3d 
688, 690 (Tex. App.—Amarillo 2000, pet. denied).  As we have stated, 
contract law is inapplicable to this case.  The trial court found that 
because the Georgia decree clearly covered the present situation, there was no 
material and substantial change to warrant modification.  Based on our 
review of the record, we find no abuse of discretion by the trial court in 
denying Appellant’s motion for new trial. Appellant’s fourth and fifth 
issues are overruled.
Conclusion
        Having 
overruled all of Appellant’s issues, we affirm the trial court’s judgment.
  
   
                                                                  PER 
CURIAM
  
  
PANEL 
A: HOLMAN, J.; CAYCE, C.J.; and WALKER, J.
 
DELIVERED: 
March 3, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
The reduction was pursuant to the parties’ Agreement, which stated, “At such 
time as any child of the parties arrives at the age of eighteen, marries, 
enteres [sic] the Armed Servics, [sic] becomes self-supporting, ceases to live 
with the wife, or dies, whichever event shall first occur, the sum payable as 
child support shall reduce to $4,500.00 per month.”
3.  
Thereafter, Appellant filed his first amended petition on October 1, 2003.
4.  
Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 1, sec. 156.401, 1995 Tex. 
Gen. Laws 113, 175 (amended 2003) (current version at Tex. Fam. Code Ann. § 156.401 (Vernon 
Supp. 2004-05)).
5.  
See Tex. Fam. Code Ann. § 
156.
6.  
Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 1, sec. 154.124, 1995 Tex. 
Gen. Laws 113, 162 (amended 2003) (current version at Tex. Fam. Code Ann. § 154.124(c) 
(Vernon Supp. 2004-05)).
7.  
Id.