IN RE RD

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-165-CV

IN THE INTEREST OF R.D., A MINOR CHILD

------------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

This is a child support modification case.  Appellant Scott Douglas challenges the trial court’s order denying his motion for modification of child support and the trial court’s denial of his motion for new trial.  We affirm.

Factual and Procedural Background

Appellant and his wife, Appellee, were divorced in Georgia on November 20, 2000.  At the time of the divorce, there were four children of the marriage: A.D., R.D., S.D., and M.D.  The parties entered into an “Agreement” specifically addressing many areas related to their divorce proceedings, including custody and child support.  On November 17, 2000, the Georgia trial court signed a “Final Judgment and Decree” stating that the parties’ agreement “annexed hereto is incorporated by reference into this Decree and is made a part hereof.  The parties are each directed to fully comply with the terms of said Agreement.”  The parties’ Agreement provided that Appellee would have primary possession of the four children, and Appellant was to pay $5,000 per month in child support.  The Agreement provided for automatic decreases in child support upon the occurrence of certain events.
(footnote: 2)  After the divorce became final, Appellant moved to Texas, and Appellee moved to Wisconsin with the children.

The oldest child, A.D., was emancipated at the time of the Texas trial, and Appellant, relying on the Agreement, decreased his child support payments from $5,000 per month to $4,500 per month.  In July 2003, the parties’ child, R.D., moved to Texas to live with Appellant.  On September 15, 2003, the Wisconsin court granted Appellant primary custody of R.D., allowing him to remain in Texas with Appellant.

On August 1, 2003
(footnote: 3), Appellant filed in the district court of Denton County, Texas, a petition to modify the parent-child relationship seeking to reduce his child support obligation by bringing payments within substantial compliance of the guidelines of the Texas Family Code.
(footnote: 4)  On February 27, 2004, during an evidentiary hearing on the motion to modify child support, Appellant moved to exclude any evidence or theories that were not properly disclosed by Appellee.  The trial court declined to rule on the motion at that time.  On March 4, 2004, the trial court denied Appellant’s motion to modify child support.

The trial court entered four findings of fact and one conclusion of law.   The trial court found that 1) the parties signed an agreement that was incorporated by reference into a Final Judgment and Decree in the state of Georgia; 2) the agreement provides that Appellant’s monthly child support obligations shall decrease by $500 if a child ceases to live with Appellee; 3) in the summer of 2003, R.D. ceased to live with Appellee and moved in with Appellant, who, relying on the Agreement, began paying $500 less per month in child support; and 4) both parties have been voluntarily complying with the Agreement.  The trial court concluded that the Agreement, which was incorporated by reference into the Final Judgment and Decree, is a valid, enforceable agreement.  Appellant appeals the trial court’s judgment in five issues.

Appellant’s Issues on Appeal

Appellant contends that the trial court erred in denying his motion to modify child support payments.  Specifically, in issue one, Appellant asserts that the trial court abused its discretion in denying his request to modify child support.  In his second issue, Appellant argues that the trial court erred in concluding that the contract between the parties unambiguously controlled the court’s decision.  In issue three, Appellant complains that the trial court erred when it based its decision on a theory not properly pled or disclosed during discovery.  Finally, in issues four and five, Appellant argues that the trial court abused its discretion when it denied his motion for new trial and that the trial court erred by refusing to consider evidence at the hearing on the motion for new trial regarding the intent of the parties at the time the Agreement was entered into.

Motion to Modify

We review a trial court’s order setting or modifying child support under an abuse of discretion standard.  
Worford v. Stamper
, 801 S.W.2d 108, 109 (Tex. 1990); 
In re D.S.
, 76 S.W.3d 512, 516 (Tex. App.—Houston [14th Dist.]  2002, no pet.).  The test is whether the trial court acted arbitrarily, unreasonably, or without reference to guiding rules and principles. 
Downer v. Aquamarine Operators, Inc
., 701 S.W.2d 238, 241-42 (Tex. 1985), 
cert. denied
, 476 U.S. 1159 (1986).  In making this determination, we must view the evidence in the light most favorable to the trial court’s actions and indulge every legal presumption in favor of the order.  
Holley v. Holley
, 864 S.W.2d 703, 706 (Tex. App.—Houston [1st Dist.] 1993, writ denied).  We cannot substitute our judgment for that of the trial court, even though we may have ruled otherwise.  
In re Z.B.P.
, 109 S.W.3d 772, 783 (Tex. App.—Fort Worth 2003, no pet.).

The Texas Family Code provides that a trial court may modify a child support order if the movant shows that his circumstances have materially and substantially changed since the date of the support order’s rendition.  
Tex. Fam. Code Ann. 
§ 156.401 (a)(1)-(2) (Vernon Supp. 2004-05); 
Hammond v. Hammond
, 898 S.W.2d 406, 407-08 (Tex. App.—Fort Worth 1995, no writ).  A child support order not in compliance with guidelines
(footnote: 5) does not in and of itself establish a material and substantial change in circumstances warranting modification.  
See Lindsey v. Lindsey
, 965 S.W.2d 589, 593 (Tex. App.—El Paso 1998, no pet.).  The family code provides that a trial court “
may
 consider the child support guidelines . . . to determine whether there has been a material or substantial change of circumstances . . . that warrants a modification of an existing child support order. . . .”  
Tex. Fam. Code Ann
. § 156.402(a) (Vernon 2002) (emphasis added).  Thus, in determining whether to modify existing child support orders, the trial court’s use of percentage guidelines under the child support guidelines is discretionary, not mandatory.  
See Escue v. Escue
, 810 S.W.2d 845, 848 (Tex. App.—Texarkana 1991, no writ).  Additionally, “[a] court may consider other relevant evidence in addition to the factors listed in the guidelines.”  
Tex. Fam. Code Ann
. 156.402(b).  In sum, the trial court retains broad discretion in making the equitable decision of whether to modify a prior child support order.  
See Hoffman v. Hoffman
, 805 S.W.2d 848, 851 (Tex. App.—Corpus Christi 1991, writ denied).

Although Appellant argues that the child support payments do not meet the statutory guidelines of the Texas Family Code and that there has been a material and substantial change to warrant modification, his claim fails for two reasons.  First, Appellant’s claim relies in large part upon the mistaken assumption that the court, in a modification proceeding, may only order child support obligations in strict conformity with the child support guidelines, or that a material and substantial change mandates a modification of child support payments.  On review, we allow the trial court broad discretion in setting child support payments and in modifying those payments.  
In re D.S. 
76 S.W.3d 512, 520 (Tex. App.—Houston [14th Dist.] 2002, no pet.).  The trial court’s adherence to the guidelines is only discretionary.  
Escue
, 810 S.W.2d at 848;  
see
 
Tex. Fam. Code Ann
. § 156.402(a);
 Furthermore, a trial court’s determination as to whether a material change of circumstances has occurred is not guided by rigid rules and is fact-specific.  
In re Z.B.P., 
109 S.W.3d at 779.

Appellant argues that because R.D. no longer lives with Appellee, she is no longer furnishing the degree of services to him that she did at the time of the divorce; Appellant, on the other hand, is furnishing more services than he did at the time of the divorce.  Appellant contends that this, in and of itself, constitutes a material and substantial change requiring modification of child support payments.  During the modification hearing, Appellant cited 
In re Z.B.P. 
as standing for the proposition that a change in possession would constitute a material and substantial change in circumstances warranting modification of child support payments.  
See
 109 S.W.3d at 781-82.  The trial court clearly distinguished the facts of 
Z.B.P
. from the facts of this case by stating that normally that type of situation would amount to a material and substantial change if the agreed order, such as exists in this case, had not already provided for those circumstances.  Here, the trial court determined at the hearing that the language in the Agreement was unambiguous and covered the situation in this case.  Specifically, the trial court determined that the language contained in the Agreement applied to these circumstances because R.D. had ceased to live with Appellee in the summer of 2003 and because Appellant, relying on the Agreement, began paying $500 less per month in child support.  The following is the language in the Agreement that the trial court referred to in making this determination: “At such time as any of the remaining three children of the parties arrive at the age of eighteen, marry, enter the Armed Services, become self-supporting, 
cease to live with the wife
, or die, whichever event shall first occur, the sum payable as child support shall reduce to $4,000 per month.” [Emphasis added].

Although in his reply brief, Appellant argues that contract law does not apply, he contends that the trial court should have considered the intent and understanding of the parties when they entered into this Agreement.  When an agreement is incorporated into a divorce decree, the decree is a consent judgment.  
Shanks v. Treadway, 
110 S.W.3d 444, 447 (Tex. 2003); 
Rivera v. Office of Att’y Gen
., 960 S.W.2d 280, 283 (Tex. App.—Houston [1st Dist.] 1997, no pet.).  The 
Shanks
 case specifically addressed interpreting a divorce decree in the following excerpt: 

Notwithstanding the state of the law at the time the divorce decree was entered, this case does not involve a direct appeal, and we must interpret the decree to determine not what the trial court should have done but, if possible, what the court actually did. When interpreting a divorce decree, courts apply the general rules regarding construction of judgments.  
Wilde v. Murchie
, 949 S.W.2d 331, 332 (Tex. 1997) (per curiam) (citing 
Constance v. Constance
, 544 S.W.2d 659, 660 (Tex. 1976)).  Judgments should be construed as a whole to harmonize and give effect to the entire decree.  
Constance
, 544 S.W.2d at 660.  “[I]f the decree, when read as a whole, is unambiguous as to the property’s disposition, the court must effectuate the order in light of the literal language used.”  
Wilde
, 949 S.W.2d at 332; 
see also
, 
Baxter v. Ruddle 
794 S.W.2d 761, 763 (Tex. 1990).  If the decree is ambiguous, the court should review the record along with the decree to aid in interpreting the judgment.  
Wilde
, 949 S.W.2d at 332.  In addition, if a judgment is ambiguous--that is, subject to more than one reasonable interpretation--courts should adopt the construction that correctly applies the law.  
MacGregor v. Rich
, 941 S.W.2d 74, 75 (Tex. 1997) (per curiam).  As with other written instruments, whether a divorce decree is ambiguous is a question of law.  
Coker v. Coker
, 650 S.W.2d 391, 394 (Tex. 1983).

Once the court approves the agreement and makes it a part of the decree, the agreement is no longer merely a contract between private individuals but is the judgment of the court.  
Ex Parte Gorena
, 595 S.W.2d 841, 844 (Tex. 1979); 
Rivera
, 960 S.W.2d at 283.  Texas law applicable at the time the Agreement was entered into and at the time this suit was filed provided that, a child support agreement was not enforceable as a contract unless the parties agreed otherwise.
(footnote: 6)  Furthermore, the law provided that terms of an agreement that were incorporated into a decree may be enforced “by all remedies available for enforcement of a judgment, including contempt, but are not enforceable as contract terms unless provided by the agreement.”
(footnote: 7)  In this case, neither the divorce decree nor the Agreement provided that the terms were enforceable as contract terms; therefore, contractual remedies are not available.  In other words, the agreement in this case was not merely a contract, it became a court judgment once it was incorporated into the decree.  
See Gorena
, 595 S.W.2d at 844.  Therefore, Appellant’s argument that the trial court erred by failing to allow extrinsic evidence to explain the intent and understanding of the parties when they entered into the Agreement is overruled because the rules of contract construction are not applicable in this case.

Thus, the trial court had discretion regarding whether to modify the child support payments.  
See Leonard v. Lane
, 821 S.W.2d 275, 277 (Tex. App.—Houston [1st Dist.] 1991, writ denied); 
Hoffman
, 805 S.W.2d at 851.  The trial court correctly determined that the parties’ Agreement, which was incorporated into the Georgia decree, was unambiguous and pertained to the fact situation presented by Appellant.  Accordingly, we hold that the trial court did not abuse its discretion by denying Appellant’s motion to modify child support.  We overrule Appellant’s first and second issues.

Unpled Theory

In his third issue, Appellant complains that Appellee had to plead and prove her theory that the judgment already contemplated and addressed the factual situation before the trial court.  Appellee contends that her general denial sufficiently put in issue all matters contained within Appellant’s pleadings that were not required to be denied under oath.  
See 
Tex. R. Civ. P
. 92; 
Williamson v. New Times, Inc
., 980 S.W.2d 706, 712 (Tex. App.—Fort Worth 1998, no pet.).  Appellant’s pleadings disclosed his contention that there was a material and substantial change that was sufficient to modify the current support obligations.  Therefore, Appellee’s general denial included a denial that Appellant was entitled to a modification of the Agreement and a denial that there was a material and substantial change.  Appellee argues that her general denial put all matters in issue that Appellant raised in his pleadings—namely, that he was entitled to a reduction in child support contained in the Agreement. We agree with Appellee.  
See Williamson
, 980 S.W.2d at 712.

At trial, Appellee contended that the parties’ Agreement already contemplated this situation, and the trial court agreed.  Accordingly, the trial court did not abuse its discretion when it held that the Georgia decree was unambiguous and contemplated this situation.  We overrule Appellant’s third issue.

Motion for New Trial

In Appellant’s fourth and fifth issues, he complains that the Texas trial court erred by not considering the parties’ intent at the time the Georgia decree was entered.  Trial courts have broad discretion in ruling on motions for new trial.  
Limestone Const., Inc.
 
v. Summit Com. Indus. Props., Inc
., 143 S.W.3d 538, 542 (Tex. App.—Austin 2004, no pet.).  We review the denial of a motion for new trial for an abuse of discretion.  
Cliff v. Huggins
, 724 S.W.2d 778, 778-79 (Tex. 1987); 
Smith v. Holmes
, 53 S.W.3d 815, 817 (Tex. App.—Austin 2001, no pet.).  When reviewing the trial court’s denial of a new trial, every reasonable presumption will be made in favor of the court’s ruling.  
Texas & N.O.R. Co. v. Scarborough
, 101 Tex. 436, 108 S.W. 804, 806 (1908); 
Ferguson v. Globe-Texas Co.
, 35 S.W.3d 688, 690 (Tex. App.—Amarillo 2000, pet. denied).  As we have stated, contract law is inapplicable to this case.  The trial court found that because the Georgia decree clearly covered the present situation, there was no material and substantial change to warrant modification.  Based on our review of the record, we find no abuse of discretion by the trial court in denying Appellant’s motion for new trial.  Appellant’s fourth and fifth issues are overruled.

Conclusion

Having overruled all of Appellant’s issues, we affirm the trial court’s judgment.

PER CURIAM

PANEL A:  HOLMAN, J.; CAYCE, C.J.; and WALKER, J.

DELIVERED:  March 3, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
The reduction was pursuant to the parties’ Agreement, which stated, “At such time as any child of the parties arrives at the age of eighteen, marries, enteres [sic] the Armed Servics, [sic] becomes self-supporting, ceases to live with the wife, or dies, whichever event shall first occur, the sum payable as child support shall reduce to $4,500.00 per month.”

3:
Thereafter, Appellant filed his first amended petition on October 1, 2003. 

4:
Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 1, sec. 156.401, 1995 Tex. Gen. Laws 113, 175 (amended 2003) (current version at 
Tex. Fam. Code Ann
. § 156.401 (Vernon Supp. 2004-05)). 

5:
See
 
Tex. Fam. Code Ann
. § 156.

6:
Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 1, sec. 154.124, 1995 Tex. Gen. Laws 113, 162 (amended 2003) (current version at 
Tex. Fam. Code Ann
. § 154.124(c) (Vernon Supp. 2004-05)).

7:
Id.