**Antonia Caricato ALLISON, Petitioner,**

**v.**

**William R. ALLISON, Respondent.**

**No. C–4384.**

Supreme Court of Texas.

Dec. 4, 1985.

James G. Reynolds (Gandy, Michener, Swindle, Whitaker & Pratt), Fort Worth, for petitioner.

Vicki Smith Ganske (Ganske and Getchell), Fort Worth, for respondent.

PER CURIAM.

This is a partition suit brought by a former spouse of a military serviceman to obtain division of military retirement benefits. The trial court rendered summary judgment for the serviceman, and the court of appeals affirmed that judgment. 690 S.W.2d 340. The parties were divorced in September, 1981. The divorce decree expressly awarded all military retirement benefits to the serviceman.

The parties' divorce decree was rendered after the date of the United States Supreme Court's opinion in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), and before the effective date of the Uniform Services Former Spouses Protection Act, 10 U.S.C. § 1408 [February 1, 1983]. The USFSPA makes *McCarty* nugatory with respect to its application to judgments rendered after the date of that decision. *Segrest v. Segrest*, 649

S.W.2d 610, 613 n. 2 (Tex.1983); *Cameron v. Cameron*, 641 S.W.2d 210, 212–13 (Tex. 1982). Accordingly, the rules of law applicable to the partition of military retirement benefits which controlled prior to the rendition of the *McCarty* decision control the disposition of partition suits brought after the effective date of the USFSPA.

■■■ Partition is available as a means of dividing property formerly held by spouses as community property which is *not* divided upon divorce and is later held by the former spouses as tenants in common. *Harrell v. Harrell*, 692 S.W.2d 876 (Tex.1985). However, the disposition of retirement benefits in the express terms of a divorce decree renders those benefits *not* subject to later partition. *Constance v. Constance*, 544 S.W.2d 659, 660–61 (Tex. 1976). In the present case, the divorce decree made an express disposition of William Allison's military retirement benefits. The court of appeals' opinion is consistent with our opinion in *Constance v. Constance* and, therefore, we refuse petitioner's application for writ of error, no reversible error. Tex.R.Civ.P. 483.