**Peggy M. EDDY, Appellant,**

v.

**Clarence "Jack" EDDY, Appellee.**

**No. 14136.**

Court of Appeals of Texas, Austin.

May 21, 1986.

Rehearing Denied June 18, 1986.

Mike Lackmeyer, Killeen, for appellant.

Thomas M. Booker, Arnold & Booker, Austin, for appellee.

Before SHANNON, C.J., and GAMMAGE and CARROLL, JJ.

CARROLL, Justice.

Peggy Eddy appeals from a take-nothing judgment entered in a suit for partition of military non-disability retirement benefits accrued by her former spouse, Clarence Eddy. We will reverse the judgment of the trial court.

The Eddys were married on July 4, 1964, and were divorced on October 23, 1981. Mr. Eddy served a total of 119 months in the military before the marriage, and 195 months in the military during the marriage. The record also reflects that Mr. Eddy had retired from the military before the entry of the final decree of divorce.

The final decree of divorce: (1) dissolved the marriage; (2) divided certain community property of the parties; and (3) assigned liability for certain debts. All relief requested and not expressly granted in the divorce decree was denied. No specific reference was made in the divorce decree regarding Mr. Eddy's military retirement benefits. The divorce decree was not appealed and became final.

On July 26, 1983, Mrs. Eddy filed the instant suit. She alleged that the military retirement benefits Mr. Eddy accumulated during their marriage constituted community property which had not been partitioned by the divorce decree. After a bench trial, the district court determined that "at the time the decree of divorce was entered, that is October 23, 1981, Clarence Eddy's military retirement benefits were not subject to Texas community property laws by virtue of the decision of the United States Supreme Court in the case of *McCarty v. McCarty*, 543 [453] U.S. 210 [101 S.Ct. 2728, 69 L.Ed.2d 589] (1981)," and entered a take-nothing judgment against Mrs. Eddy. The district court concluded that the doctrine of *res judicata* now barred relitigation of community property issues.

On appeal, Mrs. Eddy contends that the Uniform Services Former Spouses Protection Act (the Act), 10 U.S.C.A. § 1408 (West 1983 & Supp.1986), passed some 18 months after *McCarty*, effectively overruled that case and permitted the division of military retirement benefits pursuant to state law as it existed before *McCarty*. Under the provisions of the Act, Mrs. Eddy argues that *res judicata* does not bar her suit for partition of military retirement benefits from a divorce decree that became final during the "gap" period, that is, after *McCarty* but *before* passage of the Act.

Before *McCarty*, under Texas law, all military retirement benefits which accrued during a marriage were community property. *Busby v. Busby*, 457 S.W.2d 551 (Tex. 1970). Where the divorce decree failed to provide for a division of military retirement benefits, the husband and wife became tenants in common with respect to the benefits, and this property was subject to a later suit for partition. *Id.*

On June 26, 1981, the United States Supreme Court handed down the *McCarty* case which held that the supremacy clause

of the United States Constitution, Article 6, precluded a state court from dividing military non-disability retirement pay on divorce. In the wake of *McCarty*, the Texas Supreme Court concluded that the supremacy clause effectively foreclosed the division of military retirement benefits under Texas community property laws. *Trahan v. Trahan*, 626 S.W.2d 485 (Tex.1981). Thus, *McCarty* forced Texas courts to characterize military retirement benefits as separate property upon divorce. *Id.*

On September 9, 1982, the President signed the Act into law. It provided that a divorce court could divide military retirement pay between the spouses in accordance with the law of the jurisdiction of that court. *Cameron v. Cameron*, 641 S.W.2d 210 (Tex.1982). In other words, if a state's law treated military retirement benefits as community property before *McCarty*, then the Act once again made these benefits community property.

The Texas Supreme Court has acknowledged that the Act "makes *McCarty* nugatory with respect to its application to judgments rendered *after* the date of that decision." *Allison v. Allison*, 700 S.W.2d 914, 915 (Tex.1985) (emphasis added). As a consequence, the rules of law applicable to the partition of military retirement benefits which controlled *before McCarty*, once more control the disposition of partition suits brought after the effective date of the Act. *Id.* According to the *Allison* opinion, we must treat *McCarty* as if it never existed.

■ Partition is available as a means of dividing property formerly held by spouses as community property *not divided* upon divorce. *Allison v. Allison, supra*. The former spouses hold this omitted property as tenants in common, and it may be partitioned at a later date. *Harrell v. Harrell*, 692 S.W.2d 876 (Tex.1985). On the other hand, community property, including retirement benefits, specifically allocated by the express terms of a divorce decree is *not later* subject to partition. *Allison v. Allison, supra*, at 915, *citing*

*Constance v. Constance*, 544 S.W.2d 659 (Tex.1976).

■ Thus, where military retirement benefits are *not* allocated by the express terms of a divorce decree that became final during the "gap" period, the Act negates any effect that *McCarty* had on the *characterization* of this property at the time of divorce. The parties become tenants in common with respect to this omitted community property, and the property is subject to later partition. *See Busby v. Busby, supra*. In contrast, if the final divorce decree had contained express language from which one could reasonably conclude that the divorce court actually and expressly adjudicated ownership of the military retirement benefits, *res judicata* would bar a subsequent suit for partition of the military retirement benefits. *Constance v. Constance, supra*.

At the time of trial of this cause, the district court did not have the benefit of the *Allison* opinion. It is now evident that *Allison* is dispositive of the issue in this appeal.

■ After reviewing *Allison*, we conclude that Mrs. Eddy's suit for partition was not barred by the doctrine of *res judicata*. The Eddys' divorce became final during the "gap" period. The Eddys' final divorce decree did not mention or dispose of military retirement benefits. After passage of the Act, the Eddys became tenants in common with respect to military retirement benefits which accrued during their marriage. This property is subject to a later partition.

We reverse the judgment and remand this cause to the trial court for determination of amounts due Mrs. Eddy in accordance with this opinion.