**Kathleen D. KIRBY, Plaintiff-Appellant,**

**v.**

**Leon G. MELLENGER,**
**Defendant-Appellee.**

**No. 86–5908.**

United States Court of Appeals,
Eleventh Circuit.

Oct. 20, 1987.

Gerard B. Rickey, Dallas, Tex., for plaintiff-appellant.

Ronald E. Jones, West Palm Beach, Fla., for defendant-appellee.

Before TJOFLAT and EDMONDSON, Circuit Judges, and MORGAN, Senior Circuit Judge.

PER CURIAM:

Kathleen Kirby and Leon Mellenger wed in 1946. On August 3, 1960, a state court in Texas granted them a divorce decree. Kirby is now a citizen of the United Kingdom and Mellenger is a citizen of the State of Florida. On November 14, 1986, Kirby brought this suit to obtain a share of the military retirement benefits, both matured and unmatured, that Mellenger earned as a United States Air Force officer during their marriage. Kirby alleged that she was entitled to a share of those benefits under Texas community property law because Mellenger earned them while they were living, and he was stationed, in Texas.

Kirby's complaint alleged that the district court had subject matter jurisdiction under the diversity of citizenship statute, 28 U.S.C. § 1332 (1982). In his answer, Mellenger contended that the court should dismiss the suit under the judicially created exception that precludes federal courts from litigating domestic relations matters. The district court agreed, and ordered the case dismissed. Kirby now appeals that order.[1]

The domestic relations exception to diversity of citizenship jurisdiction is a well-accepted doctrine which allows the federal courts to abstain from deciding cases presenting intrafamily disputes. *See Peterson v. Babbitt,* 708 F.2d 465, 466 (9th Cir.1983) (per curiam); *Firestone v. Cleveland Trust Co.,* 654 F.2d 1212, 1215 (6th Cir.1981); *see also Jagiella v. Jagiella,* 647 F.2d 561, 564 n. 11 (5th Cir. Unit B June 1981)[2] (noting debate over whether domestic relations exception to diversity jurisdiction results from policy of abstention or from lack of statutorily granted jurisdiction); *see generally* C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 3609 (2d ed. 1984). As a general rule, the federal courts refuse to hear suits for "divorce and alimony, child custody actions, disputes over visitation rights, suits to establish paternity and to obtain child support, and actions to enforce separation or divorce decrees still subject to state court

---

1. Before 1981, Texas and other community property states treated the portion of a military pension earned during the existence of a marriage as community property. *See, e.g., Busby v. Busby,* 457 S.W.2d 551 (Tex.1970). In that year, the United States Supreme Court held that federal law precluded such treatment. *See McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). Congress then enacted the Uniformed Services Former Spouses' Protection Act, Pub.L. No. 97–252, 96 Stat. 730 (codified as amended at 10 U.S.C. § 1408 (1982 & Supp. III 1985)), to nullify the Supreme Court's decision. *See generally Trahan v. Trahan,* 682 S.W.2d 332,

334–36 (Tex.Ct.App.1984) (discussing *McCarty* and Congress' subsequent action), *appeal dismissed,* 475 U.S. 1002, 106 S.Ct. 1171, 89 L.Ed.2d 291 (1986). Because this appeal is solely from a jurisdictional ruling, we do not address any defense Mellenger may have to the merits of Kirby's complaint.

2. In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

modification." *Crouch v. Crouch,* 566 F.2d 486, 487 (5th Cir.1978) (citations omitted); *see* Note, *Application of the Federal Abstention Doctrines to the Domestic Relations Exception to Federal Diversity Jurisdiction,* 1983 Duke L.J. 1095, 1095 [hereinafter Note, *Application of the Federal Abstention Doctrines* ]. Not every case involving a dispute between present or former spouses, however, falls within the domestic relations exception. Thus, "[a] district court may not simply avoid all diversity cases having intrafamily aspects." *Cole v. Cole,* 633 F.2d 1083, 1088 (4th Cir. 1980); *see Peterson,* 708 F.2d at 466 ("[T]he domestic relations exception has been narrowly confined.") (citation omitted). Moreover, in close cases, the district court may not resolve by "technical appellation" the issue whether to exercise its jurisdiction. *See Jagiella,* 647 F.2d at 565. Rather, the court should "sift through the claims of the complaint to determine the true character of the dispute to be adjudicated," *Firestone,* 654 F.2d at 1216, keeping in mind the policies that support federal court abstention in domestic relations cases. *See Erspan v. Badgett,* 647 F.2d 550, 553 n. 1 (5th Cir. Unit A June 1981), *cert. denied,* 455 U.S. 945, 102 S.Ct. 1443, 71 L.Ed.2d 658 (1982).

The federal courts are in agreement as to some of those policies that favor abstention in "core" domestic relations cases and cases raising familial issues:

> The reasons for federal abstention in these cases are apparent: the strong state interest in domestic relations matters, the competence of state courts in settling family disputes, the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state, and the problem of congested dockets in federal courts.

*Crouch,* 566 F.2d at 487. *See, e.g., Jagiella,* 647 F.2d at 565; *Firestone,* 654 F.2d at 1215; Note, *The Domestic Relations Exception to Diversity Jurisdiction,* 83 Colum.L.Rev. 1824, 1846–51 (1983) (noting, with disagreement, proffered policies); Note, *Application of the Federal Abstention Doctrines, supra,* at 1099. Reviewing the issues likely to arise during a resolution of Kirby's complaint, we conclude that the policies supporting federal abstention are absent in this case.

Under Texas law, the spouse of a person eligible for a military pension is entitled to a share of those benefits. Specifically, when military pension benefits are not disposed of "in the express terms of a divorce decree," *Allison v. Allison,* 700 S.W.2d 914, 915 (Tex.1985) (per curiam), then the former spouses hold the property as tenants in common, and may bring a suit for partition. *See id.* In Texas, the nonmilitary spouse is entitled to the following share of the retirement pay:

$$1/2 \times \frac{\text{months of marriage while in the military}}{\text{months of military service}}.$$

*See Taggart v. Taggart,* 552 S.W.2d 422, 424 (Tex.1977).

Mellenger argues that despite its factual simplicity, allowing this case to be litigated in a federal forum will invite all of the horrors associated with rough and tumble divorces. On this record, however, we simply cannot agree. The parties were divorced over a quarter century ago, and their children are now adults. Texas has a standard formula for dividing military pensions, and Mellenger has not pointed us to any case presenting such a division that led to the kind of bitter domestic dispute with which the federal courts are unfamiliar. Nor do we find present in this case any particularly important state interest that would be furthered by federal abstention. Texas will not hear this case absent Mellenger's consent because he is not a citizen of that state, *see* 10 U.S.C. § 1408(c)(4) (1982); *Dunn v. Dunn,* 708 S.W.2d 20, 22 (Tex.Ct. App.1986), and Florida lacks any significant interest in the property settlement of two former spouses who were divorced years ago in a different state. In sum, as our predecessor court stated in *Crouch,*

> [w]e are faced here with no questions of custody or parental rights, no pending state court action or agreement to litigate in state court, and no threat that the former spouses will seek to play one court system off against the other. Nor do we perceive any strong state interest in the adjudication of this suit or any

special competence on the part of state courts, other than their superior ability to interpret state law, which is always present in diversity suits.

*Crouch,* 566 F.2d at 487–88 (citation omitted).

 Although a district court has the power, at its discretion, to abstain from deciding a domestic relations case, that discretion is not unlimited. The less a case is a "core" domestic relations case, e.g., one for a divorce or a simple child custody dispute, the less discretion the district court has to refuse to exercise its jurisdiction. In this case, we conclude that "core" domestic relations issues are only tangentially present, and that no convincing policy reasons support abstention. We therefore hold that the district court abused its discretion by dismissing this case for lack of subject matter jurisdiction.

REVERSED and REMANDED.