Kathleen D. KIRBY, Plaintiff,

v.

Leon G. MELLENGER, Defendant.

No. 85–8700–CIV.

United States District Court,
S.D. Florida.

March 31, 1989.

Gerard B. Rickey, Dallas, Tex., and Richard L. Allen, Miami, Fla., for plaintiff.

Ronald E. Jones, West Palm Beach, Fla., for defendant.

## ORDER GRANTING SUMMARY JUDGMENT AS TO LIABILITY

ROETTGER, District Judge.

THIS CAUSE is before the Court after remand. Both PLAINTIFF, KATHLEEN D. KIRBY (KIRBY), and DEFENDANT,

LEON G. MELLENGER (MELLENGER), move for summary judgment in this cause.

Upon consideration of the record in this cause, and after hearing, the Court finds as follows:

On remand of this case the Eleventh Circuit stated that "[u]nder Texas law, the spouse of a person eligible for a military pension is entitled to a share of those benefits. Specifically, when military pension benefits are not disposed of 'in the express terms of a divorce decree,' then the former spouses hold the property as tenants in common, and may bring a suit for partition. In Texas, the nonmilitary spouse is entitled to the following share of the retirement pay:

$$\frac{1}{2} \times \frac{\text{months of marriage while in the military}}{\text{months of military service.}}"$$

*Kirby v. Mellenger,* 830 F.2d 176, 178 (11th Cir.1987) (quoting *Allison v. Allison,* 700 S.W.2d 914, 915 (Tex.1985) (per curiam) (citations omitted).

In the instant case, there is no dispute that the military pension benefits at issue were not disposed of by the express terms of the parties' divorce decree. Consequently, the Eleventh Circuit's interpretation of Texas law is that PLAINTIFF and DEFENDANT hold the military pension benefits as tenants in common, and PLAINTIFF is entitled to sue for partition of her interest.

The Court finds no material factual disputes in this cause which would bar the entry of summary judgment. The Court of Appeals having made their mandate clear, this Court has no choice but to enter summary judgment in favor of PLAINTIFF.

But for the mandate, and if equity were permitted, this Court would come to the conclusion exactly opposite that reached by the Court of Appeals, because this Court finds the mandated result grossly unfair and inequitable under the following facts and circumstances of this case:

(1) In 1946 DEFENDANT, who joined the United States Army in 1942, married PLAINTIFF, a citizen of the United Kingdom, in India; (2) In 1959 DEFEN-DANT was assigned to Carswell Air Force Base in Texas; (3) In July, 1960, PLAINTIFF divorced DEFENDANT in Texas, telling DEFENDANT that PLAINTIFF wished to marry another man; (4) In August, 1960, nine (9) days after the divorce, PLAINTIFF remarried; PLAINTIFF's second marriage lasted eighteen (18) years, until PLAINTIFF divorced again in 1978; (5) In mid-1965 DEFENDANT retired after spending more than twenty-three (23) years in the service; DEFENDANT planned his time of retirement in part on the amount of the military pension DEFENDANT would receive; (6) In September, 1966, DEFENDANT remarried, again relying in part on the retirement benefits DEFENDANT was receiving from his years in the service; (7) In 1985, twenty-five (25) years after divorcing DEFENDANT and seven (7) years after the termination of her second marriage, PLAINTIFF filed the instant action seeking, for the first time, part of DEFENDANT's retirement benefits; (8) DEFENDANT is now sixty-eight (68) years old and suffers from emphysema; DEFENDANT's wife is fifty-two (52) years old and completely dependent upon DEFENDANT for support.

Additionally, the Court notes that PLAINTIFF originally filed this action in state court in Texas. The Texas state court dismissed PLAINTIFF's action for lack of jurisdiction, and made specific findings regarding the tenuous nature of DEFENDANT's connections with the state of Texas, including that "Leon Mellenger was never a resident of Texas except pursuant to military orders." Dkt. # 24. The Texas Court noted that DEFENDANT was a domiciliary of the state of New York at the time PLAINTIFF brought divorce proceedings in Texas in 1960, and "[i]mmediately after his separation from the Air Force, [DEFENDANT] re-established his residency in [ ] New York." *Ibid.*

The facts recited above demonstrate the inequity of PLAINTIFF's position, and demonstrate why a United States District Court judge should not attempt to apply the domestic relations law of another state.

*Inter alia,* how can DEFENDANT seek an exception or reversal from the Texas courts; no such remedy is available to him in this forum.

WHEREFORE, and for the reasons stated, it is

ORDERED AND ADJUDGED that PLAINTIFF's Motion for Summary Judgment is hereby GRANTED, and DEFENDANT's Motion for Summary Judgment is hereby DENIED, and it is

FURTHER ORDERED that judgment is hereby entered in favor of PLAINTIFF, KIRBY, and against DEFENDANT, MELLENGER, and it is

FURTHER ORDERED that PLAINTIFF shall have ten (10) days from the date of this Order within which to file pleadings regarding the appropriate figures to be inserted into the Texas formula as expressed by the Eleventh Circuit, for computing KIRBY's share of MELLENGER's retirement pay. DEFENDANT shall have ten (10) days within which to respond to PLAINTIFF's pleading.

DONE AND ORDERED.